SARTAIN, Judge.
Defendant brings this appeal from summary judgment rendered against him in fa *672 vor of plaintiff in a dispute over an installment contract. For the reasons assigned herein the judgment of the trial court is affirmed.
The facts of this case were stipulated and are, therefore, not in dispute. The trial judge, in a well-reasoned opinion stated :
“Defendant Paul T. Denova’s uninsured automobile was involved in a collision with the automobile of plaintiff United Services Automobile Association’s (USAA) insured on December 12, 1972, causing damage to the latter’s automobile. On January 9, 1973, defendant executed a Department of Public Safety Form SR-19 (the installment agreement), agreeing to pay plaintiff’s insured $1,012.64 in $50.00 monthly payments. Plaintiff’s insured accepted the agreement, giving defendant ‘a complete and unconditional release’ from all claims arising from the accident. The insured has assigned the agreement to plaintiff USAA. Defendant has made no payments on the agreement. Defendant’s driver’s license was subsequently suspended and his license tags removed by the Louisiana Department of Public Safety as a result of the accident; however, neither plaintiff nor plaintiff’s insured caused the suspension or removal.”
The SR-19 form executed by defendant is in fulfillment of the requirements of L.R.S. 32:872 which states that the owner and operator of a vehicle involved in an accident must either post security or have driving privileges suspended. However, these provisions of the statute do not apply where one demonstrates financial responsibility by the execution of a duly acknowledged written agreement with respecf to all claims providing for payment of an agreed amount in installments. Further, the registration of an owner may not be suspended “where under the law of this state such owner is not legally liable for damages arising from such accident.” L.R.S. 32:873.
The defendant now argues that there has been a failure of consideration for the execution of the installment contract. This contention is based on his assertion that he can not be held legally liable for the accident since he was merely the owner of the vehicle involved and was not negligent in loaning the car to a third person. He argues also that the reason he signed the agreement was in order to keep his license and registration, but because they have since been suspended as a result of the involvement of other parties in the accident, there has been a further failure of consideration.
In order to create a binding obligation there must exist a lawful cause. C.C. Arts. 1779 and 1893. If such cause exists, whether it be the one expressed in the contract or not, then there can be no failure of cause or consideration. C.C. Arts. 1894 and 1900.
The fact that defendant herein may not be legally liable for the accident in question and that he has since lost his license and registration has no effect on the obligation here in question. The plaintiff’s insured agreed to give up all rights against the defendant that may have existed and released the defendant in return for the defendant’s promise to pay a stipulated amount.[1] Defendant has effectively limited his liability while plaintiff’s insured has guaranteed himself a sum certain in recovery. The fact that a lawsuit may have decreased this liability or even found it nonexistent is of no moment, for it was just *673 such a lawsuit the parties bargained and agreed to avoid. This is clearly set forth in C.C. Art. 3071 which states:
“A transaction or compromise is an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner which they agree on, and which every one of them prefers to the hope of gaining, balanced by the danger of losing.
This contract must be reduced into writing.”
For the above reasons, the decision of the trial court holding defendant liable pursuant to his agreement in the installment contract is affirmed with all costs of this appeal to be borne by defendant.
Affirmed.

. The agreement states in pertinent part: “Upon compliance with the provisions of this agreement, the party of the second part shall deliver to the party of the first part a complete and unconditional release from all claims and causes of action he/she now has or hereafter may have against the party of the first part on account of damages and/or personal injury resulting from the accident referred to.”